# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1882, IN THE SIXTY-SIXTH
YEAR OF THE STATE.

---

No. 10,178.

BOARD OF STATE-HOUSE COMMISSIONERS *v.* WHITTAKER.

STATE-HOUSE.—*Statute Construed.*—The new State-House is, by the act of
1877 (Acts 1877, Spec. Sess., p. 68), required not to cost for its construc-
tion more than $2,000,000, but this does not include incidental expenses,
such as salaries, travelling expenses of the board and rents; and the
board has authority to expend that sum for construction alone.

From the Marion Circuit Court.

*D. P. Baldwin,* Attorney General, for appellant.

*J. L. Griffith* and *A. F. Potts,* for appellee.

WORDEN, C. J.—This was a complaint by the appellee
against the appellants, to enjoin the latter from expending
more than the sum of $2,000,000 in the construction of the
new State-House, including all incidental expenses.

The complaint charges, among other things, that the de-
fendants " are about to make certain changes, alterations and
modifications in the construction of said State-House, which
will increase the cost of the same beyond the said $2,000,000

(297)

limit, provided the said defendants are required to pay out of said $2,000,000 all incidental expenses connected with the erection and construction of said State-House building, such as the architect's salary, the superintendent's salary, the travelling expenses of the board, etc.; which items of expense your petitioner respectfully contends said commissioners are obliged to pay out of said $2,000,000 appropriation; that said contemplated changes, alterations and modifications consist in part in the substitution of marble wainscoting for wainscoting of Indiana wood and stone, as originally arranged and contracted for, at an additional cost of $50,000; that the changing of the main staircases in said State-House building, from iron to marble, will increase the cost of the same at least $20,000; that the said defendants have in contemplation, and are about to make, a number of other changes in the construction of said building, which, in connection with the changes already detailed herein, and under the construction of said law contended for by this petitioner, will materially increase the cost of said State-House building beyond the said $2,000,000 limit. Your petitioner further charges that said defendants, unless restrained by the order of this court, will proceed to make the above indicated changes, alterations and modifications," etc.

The defendants answered, "That the alleged changes, together with the original contract price of the new State-House, exclusive of incidental expenses, will not exceed $2,000,000; but if the incidental charges (expenses), such as the salaries of the board, their travelling expenses, and other incidental expenses named in the plaintiff's complaint, are taken from the $2,000,000, the total cost will exceed $2,000,000, and said changes and improvements can not be made. Wherefore," etc.

A demurrer for want of sufficient facts was sustained to this answer, and there was judgment enjoining the defendants from expending more than two million dollars in the construction of the building, including salaries, travelling ex-

penses, commissions of architects, and every other expense named in the plaintiff's complaint connected with the building of said new State-House.

We are of opinion that the decision below was wrong, and based upon a wrong construction of the statute providing for the erection of a State-House. Acts 1877, Spec. Sess., p. 68.

In the case of *Williams* v. *Mansur*, 70 Ind. 41, we held that the rent of a building for the use of some of the officers of State, the State-House commissioners being required to furnish the building for the use of such officers, was payable out of the fund designated the " New State-House Fund ; " but that the sum so paid constituted no part of the $2,000,000 which might be expended in the construction of the new State-House. There is, however, the following *dictum* in that case, which was not necessary to the decision of the cause and upon which we may suppose the court below acted. We said : " The sum of $2,000,000 was doubtless intended to cover everything pertaining to the construction of the new State-House, including salaries of commissioners, secretary to the board, etc." This proposition was unadvisedly embodied in the opinion with a view to point out a distinction between the rent then in question, and expenses more nearly connected with the construction of the building, the question concerning the rent being the only one involved in the case.

Upon a more careful consideration of the various provisions of the statute, we are of opinion that it was the legislative intention, that the sum of $2,000,000 might be expended in the *construction* of the new State-House ; and that, in addition thereto, all incidental expenses, such as salaries and travelling expenses of the board, compensation of architect, secretary and superintendent, rents, etc., may be paid out of the fund denominated the " New State-House Fund," but that these expenses are not to be deducted from the $2,000,-000 which may be expended in what may be strictly called the construction of the building.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.