# Richmond.

## BLACK v. SHERWOOD.

### MAY 10th, 1888.

#### Absent, Lewis, P., and Richardson, J.

TAXATION—*Exemption—City and county property.*—A lot in city of N., owned and used by county of E. and city of P. as landing for ferry maintained by them, is exempt from taxation under Acts 1881–82, p. 382.

Appeal from decree of circuit court of Elizabeth city, rendered May 26th, 1886, in the cause wherein the appellees, C. S. Sherwood and others, the committee for the management, of the Norfolk county ferries, and others, were complainants, and the appellants, George W. Black, collector of the city of Norfolk, and others were defendants. Opinion states the case.

*Starke & Martin, H. C. Davis, Walke & Old,* and *A. B. Seldner,* for the appellants.

*J. F. Crocker,* for the appellees.

LACY, J., delivered the opinion of the court.

This controversy is over the claim of the city of Norfolk to assess and tax a lot of ground situated in the said city, and belonging to the county of Norfolk and city of Portsmouth. The same is used by the said county and city as a landing place for their ferry, established by law, between the two cities

of Norfolk and Portsmouth, which is maintained by the said county of Norfolk and city of Portsmouth, from its landing in the city of Portsmouth, and the town of Berkley, across Elizabeth river, to Norfolk city. The steamer Manhasset, being seized by Black, the city collector, and advertised for sale to pay the city taxes, the county of Norfolk and city of Portsmouth applied for and obtained and injunction from the judge of the circuit court of Norfolk county, restraining the said collector, Black, from proceeding to sell. The case was subsequently removed to Elizabeth City county circuit court, where, upon a hearing, the injunction was perpetuated, and the collector was enjoined from collecting the said taxes, or selling the steamboat, or interfering with the property of the said county and city; whereupon the said collector and the city of Norfolk appealed to this court, where the single question is as to the right of the city of Norfolk to tax this property.

It is conceded (1) that this property is the property of the county of Norfolk and city of Portsmouth; (2) that the constitution of Virginia authorized, and that the legislature has exempted, "all real estate belonging to any county, city, or town" from the payment of any taxes (Acts 1881–82, p. 382); (3) that the city of Norfolk exempts by ordinance all property exempt by the State. But it is contended that, by this fifteenth section of chapter 61, Acts 1881–82, p. 382, referred to above, this exemption does not apply to this lot, because it is there provided that "nothing herein contained shall be construed to exempt from taxation any part of a lot or building used for any private purpose or for profit; but, where a part of such proceeds are used for charitable or school purposes, then, to that extent, the said property shall be exempt from taxation;" and that this ferry property is a source of profit over and above the expense incurred in its conduct and management. It is clear, we think, that this provision has no reference to county or city property, and that the law distinctly exempts from taxation the real estate of a city or county, for similar reasons

that the real estate of the commonwealth is exempt, the former being but political subdivisions of the State, and such property stands related to the commonwealth as its own. But whatever may be the reasons of the legislature, this property is exempted by the plain language of the law from taxation, and this is in accord with the ancient usage of the commonwealth. The circuit court of Elizabeth City county having so decided, the said decree is plainly right, and must be affirmed.

DECREE AFFIRMED.