Filed Oct. 10, 1888.

——————♦——————

No. 14,497.

## CAMPBELL *v.* THE BOARD OF COMMISSIONERS OF THE STATE SOLDIERS AND SAILORS MONUMENT.

STATUTE.—*Soldiers and Sailors Monument.—Statute Construed.—Appropriation.*—Under the provisions of the act of March 3d, 1887 (Acts 1887, p. 30), the whole amount of money therein appropriated, must, as far as it may be used at all, be devoted to the structural work of the soldiers and sailors monument, therein provided for, and not to the incidental expenses connected therewith which do not enter into the cost value of the edifice.

SAME.—*Incidental Expenses of Board. - Payable Out of General Fund.—Auditor of State.*—The auditor of state has authority to draw his warrant on the treasurer of state for the merely incidental expenses incurred from time to time in the erection of the soldiers and sailors monument, under the act of March 3d, 1887, to be paid out of the general fund, when there is sufficient money in that fund to pay the amount of such warrant.

From the Marion Circuit Court.

*A. J. Beveridge,* for appellant.

*S. B. Voyles,* for appellee.

NIBLACK, C. J.— Complaint by William B. Campbell against The Board of Commissioners of the State Soldiers and Sailors Monument, organized under the act of March 3d, 1887 (Acts 1887, p. 30), to enjoin such commissioners from expending for all purposes a sum greater than two hundred thousand dollars out of the state treasury in the erection of the monument which they are required to build.

The complaint averred that the commissioners had adopted a design and plan for the monument, based upon an estimate which will absorb the entire amount of $200,000, appropriated by the act of 1887, referred to, in its construction alone, exclusive of the salaries of such commissioners, the salary of their secretary, and other incidental expenses, and were entering into contracts for the construction of the monument upon the basis of such an estimate ; that the plaintiff was a taxpayer of the State, and hence interested in the question of the amount which may· be expended on account of the proposed monument.

A demurrer was sustained to the complaint, and the defendants had judgment upon demurrer.

The demurrer was sustained upon the theory that the sum specifically appropriated by the Legislature ought to be exclusively devoted to the building of the monument, and that all merely incidental expenses, including compensation to the officers in charge of the enterprise, are to be paid out of some other fund belonging to the State. ·

The first section of the act of 1887 is as follows: "That the sum of two hundred thousand dollars be and the same is hereby appropriated, out of any moneys in the treasury not otherwise appropriated, for the purpose of erecting a State soldiers and sailors monument, said appropriation to be used in connection with such other funds as have already been, or may hereafter be, donated and contributed for said purpose."

The second section provides for the appointment of five commissioners, who are required to give bond, and to take the usual oath of office, and to proceed to erect a suitable monument ; also, that such commissioners shall receive for their services the sum of four dollars per day and travelling expenses for the time they are actually employed in attending to their duties as such commissioners, to be paid on itemized statements sworn to by the claimant.

The third section further provides that "Said commissioners are authorized and directed, as herein provided, to build

:a State soldiers and sailors monument, the cost of which shall not exceed the sum hereby appropriated, and such other donations and contributions as may be derived from other :sources, on the ground commonly known as Circle Park in the city of Indianapolis."

The seventh section authorizes the commissioners to appoint a secretary, who is required to give bond and take an ·oath of office, and whose compensation shall not exceed seventy-five dollars per month.

In support of the sufficiency of the complaint, it is argued that as no money can be drawn from the treasury, except in pursuance of an appropriation made by law (Constitution, section 3, article 10), and as the act under consideration makes no appropriation for the payment of official services, and other incidental expenses, the fair inference is, that the Legislature intended that all the expenditures incident to, or ·connected with, the erection of the monument, and chargeable against the State, should be paid out of the sum of $200,000 specifically appropriated for its erection.

As has been shown, $200,000 is appropriated for the purpose of *erecting* a monument, and the commissioners are directed to *build* a monument accordingly, on a particular tract of land belonging to the State, at a cost not to exceed that sum, except in so far as the amount may be increased by :additional donations and contributions from other sources. We construe these provisions to mean that the amount appropriated by the State must, so far as it may be used at all in that ·connection, be devoted to the *structural* work of the monument, and hence not to merely incidental expenses, which do not enter into the cost value of the edifice, and which must be otherwise paid. In this view, we are supported by the case of *Board, etc.,* v. *Whittaker*, 81 Ind. 297.

This conclusion necessarily leads to an affirmance of the judgment appealed from, but it was the obvious intention of the complaint to also involve a construction of existing laws

as to the manner in which the merely incidental expenses resulting from the erection of the monument may be paid, and as such a construction is incident to, and closely identified with, the conclusion reached by us, as above, we deem it. proper to make some reference to the manner of paying such additional expenses.

It is true, as claimed, that no money can be rightfully drawn from the treasury except in pursuance of an appropriation made by law, but such an appropriation may be made impliedly, as well as expressly, and in general, as well as specific, terms. It may also be a continuing or fixed appropriation, as well as one for a temporary purpose or a limited period.

The use of technical words in a statute making an appropriation is not necessary. There may be an appropriation of public moneys to a given purpose without in any manner designating the act as an appropriation. It may be said generally, that a direction to the proper officer, or officers, to pay money out of the treasury on a given claim, or class of claims, or for a given object, may, by implication, be held to be an appropriation of a sufficient amount of money to make the required payments. *Ristine* v. *State, ex rel.*, 20 Ind. 328.

The eighth subdivision of section 5611, R. S. 1881, authorizes the auditor of state to " Draw warrants on the treasurer for all moneys directed by law to be paid out of the treasury to public officers, or for any other object whatsoever, as the same may become payable." * * *

This subdivision, when construed in connection with the act of 1887, clearly authorizes the auditor of state to draw his warrant on the treasurer of state for the merely incidental expenses incurred from time to time in the erection of the monument, to be paid out of the general fund when there is sufficient money in the treasury belonging to that fund to pay the amount for which the warrant is drawn.

The judgment is affirmed, with costs.

Filed Oct. 10, 1888.