# THE CIVIC FEDERATION OF SALT LAKE CITY, AN ASSOCIATION, RESPONDENT *v.* SALT LAKE COUNTY. APPELLANT.

CONFLICT OF LAWS — CHAPTER 30, S. L. 1897,— NOT IN CONFLICT WITH CONST. ART. .6, SEC. 30. LEGISLATIVE POWERS — OVER REVENUES OF A COUNTY— APPROPRIATION OF MONEY. COUNTY COMMISSIONERS — REJECTION OF CLAIM — PROPER REMEDY OF CLAIMANT. MANDAMUS—WHEN IT WILL LIE.

*Conflict of Laws—Chap. 30, S. L. 1897,—Not in Conflict with Const. Art. 6, Sec. 30.*

Chapter 30, Session Laws 1897, authorizing counties to refund moneys advanced by citizens to aid counties to enforce the laws, is not in conflict with Sec. 30, Art. 6, of the Constitution.

*Legislative Powers—Over Revenues of a County—Appropriation of Money.*

The legislature is not restricted in its appropriation of public moneys by legislative enactment to cases where a legal demand exists against the county or state. The same power which it may exercise over the revenues of a state it may exercise over the revenues of a county or city for any purpose connected with its present or past conditions, not repugnant to the organic law, and where a moral obligation exists, the legislature may give it legal effect.

*County Commissioners — Rejection of Claim — Proper Remedy of Claimant.*

> Where a board of county commissioners has rejected a claim against the county, appeal and not mandamus, is the proper remedy.

*Mandamus — When it will Lie.*

> Mandamus will only lie where a board or officer, exercising a *quasi* judicial function, has refused to act and not after action to reverse or review the judgment or discretion of the board or officer.[1]

BASKIN, J., dissents.

(Decided May 2, 1900.)

Appeal from Third District Court of Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action by the Civic Federation to compel Salt Lake County to pay the claim of plaintiff filed in accordance with provisions of Chapter 30, Laws of 1897. From a judgment for plaintiff, defendant appealed. *Affirmed.*

*Graham F. Putnam, Esq.,* and *Ray Van Cott, Esq.,* for appellant.

"Plaintiff has no cause of action, and cannot recover unless by virtue of a special statute, Chapter 30 of the Laws of 1897, found on page 46."

"We contend first: That this statute is unconstitutional because in conflict with two sections of the Constitution of Utah, Article 13, Section 5, Revised Statutes, page 62, and Article 6, Section 30, Revised Statutes, page 46."

"Secondly, we contend that the Statute, at least in so far as it applies to advancements made after January 4, 1896, the day of the taking effect of the Constitution, is in

---

[1] *State* v. *Hart*, 19 Utah, 438.

conflict with Stecion 30 of Article 6, Revised Statutes, page 46."

"The law is well settled that statements or promises by individual members of the Board, would not bind the county. Their action, to be binding, must be taken at a meeting duly held and be entered on the minutes and there is no allegation of anything of the sort." *Hanaker* v. *Board of Education*, 32 L. R. A. 415; 1 Dillon Mun. Corp. Sec. 455; 1 Beach Public Corp. 280.

"The law is well settled that statutes governing the presentation of claims to public corporations are mandatory, and their requirements must be strictly followed. They are conditions precedent and parties must show a strict compliance with their injunctions in order to recover. Public policy demands this." *Fenton* v. *Salt Lake County*, 3 Utah, 423; *Rhoda* v. *Alameda County*, 52 Cal. 350; 4 Encyclopedia of Plead. & Prac. 655, 658, and citations; *Byron* v. *Water Commissioners*, 41 Minnesota, 519; *People* v. *Holliday*, 25 Cal. 301; *State* v. *Bank*, 8 Nebraska, 218; *State* v. *Stout*, 7 Nebraska, 89; *St. Louis* v. *Cruikshank*, 16 Mo. Appeals, 495; *Hawser* v. *Melcher*, 40 Michigan, 185; *Reining* v. *Buffalo*, 102 N. Y. 308; *Lincoln* v. *Grant* 38 Neb. 369; *Koch* v. *Ashland*, 83 Wisc. 361; *Olmstead* v. *Pound Ridge*, 71 Hun, 25.

"In the next place the complaint is fatally defective because it fails to show that the tribunal, to-wit: The Board of County Commissioners, in whom alone the statute has vested the power to determine the facts that are conditions precedent — vital and of the very essence of plaintiff's right to recover — has acted and passed upon the matter." 4 Ency. of Pl. & Pr. p. 655 and citations; *State* v. *Com's*, 26 Ohio St. 364; *Graham* v. *Scripture*, 26 Howard's Practice, 501.

"Where a building contract provides that the contractor shall only be entitled to payment upon obtaining a certificate from an architect or engineer, the production of such certificate in the absence of facts showing that it is withheld fraudulently is a condition precedent to his right of recovery." 29 Am. & Eng. Ency. Laws, 1st ed. 929; 4 Ency. Pl. and Pr. 643.

"Where an insurance policy provides that the loss shall not be payable until the certificate of a complaint must show the production of the certificate." 4 Ency. Pl. and Pr. 641 and cases.

"And the rule is the same whether the condition is to be performed by the plaintiff or by another." 4 Ency. Pl. and Pr. 629.

"But it may be asked, what then is the remedy of plaintiff; is its claim to go unpaid because the county board has arbitrarily declined to consider and pass upon the facts relating to it? By no means."

"The statute of 1897 as we have already argued, if constitutional, has already determined the law. It has imposed upon the Board of County Commissioners, to whom a claim under it may be presented, the duty of determining the facts. That is a legal duty and, if they refuse to perform it, such performance can be compelled by *mandamus*. The Court will not order them to decide the facts one way or the other; to decide that the money was actually advanced and used for the good and benefit of the county, or that it was not so advanced or used, but it will compel them to make a decision upon the question. The complaint shows that they have not decided it, that instead they have refused to pass upon it in the belief that they have no legal authority to do so."

"Suppose the law had imposed upon the district court the duty to hear and determine this question of fact, and

the court had erroneously decided that it had no authority or jurisdiction to do so, and had dismissed the petition of the claimants.   Is there any doubt, that in the absence of another plain, speedy, and adequate remdy, a writ of *mandamus*, would issue from this court to the district judge requiring him to hear the evidence and decide the question; or, if a special board has been created by the statute for this purpose would not the ruling be the same?   The cases are identical in principle.   How can the case at bar be distinguished from *State* v. *Hart*, 19 Utah 438." *People* v. *Supervisors of Otsego County*, 51 N. Y. 401; *People* v. *Supervisors*, 45 N. Y. 196; *People* v. *Supervisors*, 70 N. Y. 228; *State* v. *Lewis*, 10 Ohio State, 128; *State* v. *Board of Free Holders of Camden County*, 35 N. J. Law 217; *Attorney General* v. *Detroit*, 29 Mich. 108; *People* v *Schuyler*, 79 N. Y. 189.

"The Board of County Commissioners here are in the same position as a trial judge who had erroneously refused to try a case and had transferred it to another court or dismissed it for want of jurisdiction.   In such cases it is well settled that *mandamus* is the proper remedy.   *People* v. *Van Tassel*, 13 Utah, 9; *State* v. *Hart, supra;* Merrill on Mandamus, 203; *State* v. *Laughlin*, 75 Mo. 358; *People* v. *Scates*, 3 Scam. (Ill.) 351; *Brown* v. *Buck*, 75 Mich. 274; 13 Am. St. 438; *Ex parte* Schollenbarger, 96 U. S. 369."

*C. O. Whittemore, Esq.*, for respondent.

"The unconstitutionality of the Act of 1897, under which this claim was filed against said county, is urged by counsel for appellant as the reason for a reversal of the judgment rendered in favor of the plaintiff by the district court."

The contention of this, act is in conflict with Section 5,

Article 13, of the Constitution of Utah, is so plainly untenable that comment thereon is unnecessary.   The legislature by this act did not attempt to *impose* taxes.

Nor does this act of the legislature conflict with Section 30, Article 6, of the Constitution.   The authority of the legislature to authorize the payment of a claim created against a county under an agreement or contract made without authority of law is recognized by the priviso at the end of this section, where such claims are incurred by public officers in the execution of the laws of the State. The language of the act in question shows that it was drawn with special reference to the provisions of this section of the constitution.

The question as to whether a valid obligation arose in favor of the plaintiff and against Salt Lake County, at the time this money was advanced by the plaintiff to the county attorney, is not material, because the claim was before the commencement of this action made a valid one by an act of the legislature of this State.   (Chapter XXX, Law of Utah, 1897.)   That the passage of this act was within the legislature's authority, is beyond question. The following cases are cited as instances where legislation of this character has been held constitutional.   *Town of Guilford* v. *Board of Supervisors*, 18 Bard. 616; *Town of Guilford* v. *Board of Supervisors*, 13 N. Y. 143; *New Orleans* v. *Clark*, 95 U. S. 644.

"The fact that a claim against a municipal corporation is not such an one as the law recognizes as of legal obligation, has often been decided by the courts of the highest respectability and learning, to form no constitutional objection to the validity of a law imposing a tax and directing its payment.   *   *   *   It is competent for the legislature to compel municipal corporations to recognize and pay debts or claims not binding in strict law, and which

for technical reasons cannot be enforced in equity, but which, nevertheless, are just and equitable in their character, and involve a moral obligation." 1 Dillon Municipal Corporation, (4th ed.) Sec. 75; *Mayor, etc.,* v. *City of Gutherie,* 31 Pac. Rep. 190; *Mayor, etc.,* v. *Tenth National Bank,* 111 N. Y. 446.

It is competent for the legislature to direct the payment by a municipal corporation of a claim that the law does not recognize as a legal obligation, and to ratify any act which it could have authorized to be done. *State, ex rel.* v. *Winter,* 46 Pac. Rep. 644.

To the same effect are the cases of *Thomas* v. *Leyland,* 24 Wend. 65; *Jefferson County* v. *People,* 5 Neb. 127; *Read* v. *Plattsmouth,* 107 U. S. 574; *Lycoming County* v. *Union County,* 15 Pa. St. 166; Black's Constitutional Law, Sec. 135; Cooley's Constitutional Limitations, page 466.

"When municipal officers have once acted, *mandamus* will not lie to compel them to again act upon the same matter." High's Extraordinary Leg. Rem. Sec. 328.

"*Mandamus* is not a proceeding to correct errors, it is invoked merely to compel action." *State* v. *Nemeha County,* 10 Neb. 32.

"When the court or body has entered upon the matter, and have decided, the Court will not compel them to reconsider the matter, or rehear it upon the ground that they have come to a wrong conclusion." Wood on Mandamus, page 49.

"*Mandamus* is not the proper remedy for the enforcement of a claim against the County which has been presented to the Board of Supervisors of the County, and by them rejected. In such cases, the statute authorizing the party to sue the county, has given him a plain, speedy and adequate remedy at law. The writ of *mandamus*

belongs only to such as have legal rights to enforce and find themselves without an appropriate legal remedy." *Crandall* v. *Amador County*, 20 Cal. 72.

MINER, J.

The facts stated in plaintiff's complaint, as amended, show, among other things, that the plaintiff is an association of eighteen persons, which at various times between the 29th day of October, 1895, and the 27th day of June, 1896, made advancements of money to the County Attorney of Salt Lake County, for the purpose of defraying expenses necessarily incurred by him in the execution of the laws of the State of Utah, in prosecuting certain ex-county officials, who were indicted for the crime of bribery, and that the total amount of money so advanced, together with interest, was $8,532.24; that the money was advanced at the solicitation of the county attorney, and members of the then board of county commissioners of Salt Lake County, because no means were available to pay the expenses of the prosecution of the cases, or expenses of securing witnesses from outside of the State, and on the promise of the county attorney and board of county commissioners that if the money was advanced it would be returned as soon as legal authority to do so could be obtained; that in order to prosecute the cases, it was necessary to procure witnesses from Chicago, Illinois, and the amount obtained was principally used to defray the expenses of witnesses to attend at the trial.

It is further shown by the complaint that the plaintiff duly presented and filed with the county clerk of Salt Lake County, in accordance with the provisions of Ch. 30 laws of 1897, a claim against said county for the amount so advanced, and that accompanying the claim were itemized vouchers, showing the manner in which the money had

been expended, the persons to whom the same had been paid, and the purposes for which the expenses had been incurred; that the board of county commissioners, without consideration of the facts, and without considering that said money, so advanced, was used for the good and benefit of the county, rejected said claim.

It is also alleged in the complaint, upon information and belief, that the reason for the refusal of the said board to consider said claim, was the belief of said board that they had no legal authority to consider said claim upon its merits.

To this complaint the defendant filed a demurrer for the reason that said complaint did not state facts sufficient to constitute a cause of action.

The demurrer was overruled, and a judgment rendered in favor of plaintiff. From this judgment the defendant appeals.

After the adoption of the constitution the legislature enacted a special statute, found in the laws of 1897, p. 46, wherein it is provided: "That in all cases since the first day of January, 1895, in which any county of the Territory of Utah or of this State, or any officer thereof, has received advancements of money from any person or association for the purpose of defraying expenses incurred in the execution of the laws of said territory or state, and the money so received was actually used for such purpose by the county or officer receiving the same, the advancements of money so made are hereby declared to be legal and valid claims against such county as a county of this State in favor of the persons or associations paying the same, and the same shall be paid out of the treasury of such county in the manner provided by law for the payment of other claims of said county: *Provided, however*, that all such claims shall be presented and filed with

the county clerk of the county made liable thereby within six months after this act takes effect, and all such claims not presented within the time herein prescribed shall be disallowed by the board of county commissioners of the county wherein the claim is filed. And *provided further,* that no such claim shall be paid by the board of county commissioners unless they find that said money has been actually advanced and actually used for the good and benefit of said county."

The able counsel for appellant strenuously insist that the above statute is unconstitutional, and in conflict with Sec. 30, Art. 6 of the Constitution.

The proviso added to Sec. 30, Art. 6, Const., reads as follows: "Provided that this section shall not apply to claims incurred by public officers in the execution of the laws of this state."

Without this provision section 30 would doubtless bear the construction placed upon it by counsel for the appellant.

By the provisions of the Constitution and laws of this state, offenses committed prior to its adoption were continued and could be prosecuted to judgment thereafter.

The claim under consideration was incurred by public officers in the execution of the laws of the state, and was not a legal claim against the county until the enactment of the statute. This section in the Constitution in no way limited the power of the legislature to authorize the payment of a just claim so created against a county, without authority of law.

The legislature is not restricted in its appropriation of public money by legislative enactment to cases where a legal demand exists against the county or state. It may appropriate money for any purpose which it may consider as calculated to promote public good and protect its honor,

within the provisions of the constitution. It may determine when the interest and honor of the government or municipality justifies the appropriation of money in cases where no legal demand exists against said municipality or state. As to the wisdom or expediency with which taxation or an appropriation is made, the legislature is the sole judge. The same power which it may exercise over the revenues of the state it may exercise over the revenues of a county or city for any purpose connected with its present or past conditions, not repugnant to the organic law. Therefore when the legislature enacted the statute in question, making certain advances of money to a county or county officer, for the purpose of defraying the expenses of executing the laws of the state, for which the county has received an equivalent, a legal valid claim against the county, on compliance with the provisions of the statute, the claim becomes a legal charge and should be paid, although such county was not legally bound to pay and discharge the same prior to the enactment of the statute. Where a moral obligation exists, the legislature may give it legal effect.

There is nothing in our constitution which conflicts with the provisions of the statute.

In the case of *The Town of Guilford* v. *Board of Supervisors*, 13 N. Y. 143, the Court said:

"The legislature is not confined in its appropriation of the public moneys, or of the sums to be raised by taxation in favor of individuals, to cases in which a legal demand exists against the state. It can thus recognize claims founded in equity and justice, in the largest sense of these terms, or in gratitude or charity. Independent of express constitutional restrictions, it can make appropriations of money whenever the public well-being requires or will be promoted by it; and it is the judge of what is for the

public good." *New Orleans* v. *Clark*, 95 U. S. 644; *Town of Guilford* v. *Cornell*, 18 Barb. 615; *Lycoming* v. *Union*, 15 Pa. St. 166; *People* v. *Blanding*, 13 Cal. 343; Black's Constitutional Law, Sec. 135; Cooley's Const. Law, p. 466.

In 1 Dillon on Mun. Corp., (4th ed.) Sec. 75, it is said:

"It is competent for the legislature to compel municipal corporations to recognize and pay debts or claims not binding in strict law, and which for technical reasons cannot be enforced in equity, but which, nevertheless, are just and equitable in their character, and involve a moral obligation."

It appears from the pleadings that all the essential requirements of the statute creating the power have been complied with; although it must be conceded that it would have been more satisfactory had the money advanced been paid into the county treasury, and thereafter drawn therefrom in the regular manner, for the purposes named.

The appellant also claims that the respondent mistook its remedy by appeal; that the proper remedy was by *mandamus.*

Under the statute referred to, the advances and payments made to the county attorney, for the purposes named, were made legal and valid claims against the county. Without proper consideration, and acting upon the supposition that the statute was invalid, the county commissioners rejected the whole of the claim. They did not refuse to consider or act upon the claim, but, on the contrary, acted upon it, and rejected it altogether.

The case of the *State* v. *Hart*, 57 Pac. Rep. 415, 19 Utah, 438, is one of the cases relied upon by counsel for the appellant to sustain its contention. In that case the trial judge refused to act and compel or impanel a jury of

12 men to try a case, for the reason that such act would be contrary to law, and this court held that *mandamus* was the proper remedy to compel the court to act.

The facts in that case were very different from the contention here. In this case the court did act, and rejected the claim. If the commissioners had refused to act or take cognizance of the case when properly brought before them, they would be compelled to do so by *mandamus*. Their action in such a case would not be the exercise of a discretion or quasi judicial duty, imposed upon them by law, but a refusal to take cognizance of a matter upon which the law required them to act. But if the commissioners acted upon the claim and decided against its validity, even if they were induced to do so because of their belief that the statute was unconstitutional, the remedy of the respondent was not by *mandamus*, but by appeal.

The only right the respondent had was under the statute which provides for the presenting to, and passing upon, and allowance of such claims, by the county commissioners, before it can be paid. Under such circumstances if a party is aggrieved by the action of the commissioners in disallowing his claim, his only remedy is by appeal. Having acted upon the claim once and disallowing it, the board cannot be compelled by mandamus to act again.

In Wood on Mandamus, p. 49, it is said:

"Mandamus lies to compel a court to fulfill their duties and to hear and adjudicate upon a matter pending before it, when there is no reasonable excuse for not doing so. But when the court or body has entered upon the matter, and have decided it, the court will not compel them to reconsider the matter, or rehear it, upon the ground that they have come to a wrong conclusion. In such cases the party must pursue his remedy by appeal or otherwise, as the writ of mandamus cannot be used to interfere with

the discretion of a court, or compel them to act otherwise than according to their own judgment in a matter left to their discretion." *Crandall* v. *Amador County*, 20. Cal. 72; High on Ex. Legal Rem. Sec. 328; *State* v. *Board of Commr's*, 10 Neb. 32.

In disallowing the claim the board exercised a judicial or at least a quasi judicial function; and when it exercised this function a writ of mandamus will not be issued requiring it to reverse or review its judgment. In such cases an appeal is the proper remedy for the defeated party.

We find no reversible error in the record. The judgment of the district court is affirmed, with costs.

BARTCH, C. J. concurs.

BASKIN, J., dissenting:

The complaint contains the following allegations: Plaintiff further alleges that on the 7th day of September, 1897, said board of county commissioners, without considering or investigating in any manner the facts relating to the advancement by the plaintiff of the money aforesaid, and without considering the facts relating to the purposes for which said money had been advanced and used and whether the same had been actually used for the good and benefit of said county of Salt Lake, the said board of county commissioners rejected said claim. Plaintiff alleges upon information and belief that the reason for the refusal of said board to consider said claim was the belief by said board that they had no legal authority to consider the said claim upon its merits."

These allegations are admitted by the demurrer, and it appears from them that the board of county commissioners refused to pass upon the question whether the money

claimed by plaintiff had been actually advanced and actually used for the good and benefit of the county, solely, on the ground that they had no legal authority to consider such claim upon its merits.

Under the provisions of the second proviso of the act, which authorizes, upon certain conditions, the payment of advancements of money for the purpose of defraying expenses incurred in the execution of the laws of the territory or state, when the same was used for that purpose, it was the duty of the board of county commissioners to entertain and pass upon the question whether the money claimed by plaintiff was advanced, received and actually used for the purposes mentioned. Said provision is as follows: "Provided further, that no such claims shall be paid by the board of county commissioners unless they find that said money has been actually advanced and actually used for the good and benefit of said county."

A finding of the Board of County Commissioners as required by said proviso, that said money had been actually advanced and actually used for the good and benefit of the county, was a condition precedent to the right of recovery by plaintiff, and as the complaint alleges that this was not done, it stated no cause of action. The only remedy open to the plaintiff is by *mandamus* to compel the Board of County Commissioners to perform the duty imposed by said proviso, and if when they pass upon the question they should find that said money was not expended as required by said act, the plaintiff would not be entitled to recover. They had no right to refuse to consider the claim of plaintiff on the ground of a lack of legal authority, for it was their mandatory duty to do so.

The demurrer should have been sustained.