# Richmond.

NORFOLK, PORTSMOUTH & NEWPORT NEWS COMPANY v. CITY OF NORFOLK.

105   139
f110   526

March 1, 1906.

Absent, Cardwell, J.

1. TAXATION—*Power to Tax—Presumption—Exemptions.*—The power and the right of the State to tax are always presumed, and an exemption is to be clearly granted. Mere silence is the same as a denial of exemption.

2. TAXATION—*License Tax—Using Non-Taxable Property.*—The fact that certain property is exempt from taxation does not exempt the lessee thereof from the payment of a license tax for conducting a business on or with such property.

3. NORFOLK CITY—*License Tax—Ferry Companies.*—The city of Norfolk has a general power of taxation, and may impose a license tax on a ferry company which has an office in the city and operates a ferry between that city and neighboring cities and towns, although the property with which the business is conducted is exempt from taxation by the city, and the State imposes no license tax on the business.

4. MUNICIPAL CORPORATIONS—*Invalidity of Ordinance—Burden of Proof—Case at Bar.*—When an ordinance is attacked on the ground that it is invalid, the burden is on the party alleging the invalidity to show it. In the case at bar, an ordinance of the city of Norfolk imposing a license tax on all ferry companies plying between the city of Norfolk and certain designated points is assailed as lacking the constitutional requirement of uniformity in that it fails to put a like tax upon ferry companies plying between Norfolk and other points, but it does not appear that these companies are not taxed under another ordinance under which a license tax could be imposed upon them, nor that all other persons in the same class, or doing precisely the same business as the plaintiff in error, are not taxed alike, and hence the ordinance is not invalid.

Error to a judgment of the Circuit Court of the city of Norfolk affirming a judgment of the police justice of said city imposing a fine of $20 on the plaintiff in error for doing business in said city without a license as required by city ordinance.

*Affirmed.*

The opinion states the case.

*T. J. Wool* and *Frank L. Crocker,* for the plaintiff in error.

*Richard B. McIlwaine,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

The principal question involved in this case is whether or not the city of Norfolk has the power to impose a license tax upon the Norfolk, Portsmouth and Newport News Company, doing business in that city, when the instrumentalities of that business are owned by and leased from the county of Norfolk and the city of Portsmouth.

It appears that the city of Portsmouth and the county of Norfolk are the joint owners of certain steam ferries which ply, by authority of law, between the city of Norfolk and the city of Portsmouth, and the city of Norfolk and the town of Berkley, known as the Norfolk county ferries. By authority of law the said owners of the ferries leased the ferries to one J. L. Watson and others for a period of ten years, at an annual rental, one-half of which was to be paid to the city of Portsmouth and the other half to the county of Norfolk. This lease was assigned to the appellant, the Norfolk, Portsmouth and Newport News Company, which was operating the lease at the time the license in question was imposed by the city of Norfolk,

in which are located the principal offices of the appellant company.

It is conceded that under section 457 of the Code of 1887, as amended by an act approved January 28, 1896 (Acts 1895-'06, p. 218), section 488 of the Code of 1887, and the case of *Black* v. *Sherwood,* 84 Va. 906, 6 S. E. 484, the real and personal property leased in this case are exempt from taxation.

Since the city of Norfolk has no authority to impose a tax upon the leased property, it is argued that it has no power to impose a license tax upon the business of the lessee in operating the ferries and whose principal office is in that city.

The appellant in conducting its business is entitled to and receives the police protection and supervision of the city of Norfolk, and no good reason is perceived why it should not bear some part of the expense of the city government, unless it has been granted immunity from taxation.   The power and the right of the State to tax are always presumed, and the exemption is to be clearly granted.   Mere silence is the same as a denial of exemption.   *Lake Drummond Canal Co.* v. *Com'th.,* 103 Va. 337, 348-9, 49 S. E. 506, 68 L. R. A. 92; *Phoenix, &c., Ins. Co.* v. *State of Tenn.,* 161 U. S. 174, 16 Sup. Ct. 471, 40 L. Ed. 660.

There is nothing in any of the acts of assembly relied on which expressly, or by necessary implication, exempts the lessee of property, which is itself eexmpt from taxation, from the payment of a license tax for conducting a business on or with such property.   If there be no such exemption the fact that the State does not impose a license tax thereon for State purposes does not prevent a municipality, clothed with all the power of taxation possessed by the State within its corporate limits, from imposing such tax.

In the case of the *City of Norfolk* v. *Griffith-Powell Co.,* 102 Va. 115, 45 S. E. 889, it was held that the city of Norfolk pos-sessed such power under its charter, and the mere fact that the State did not impose a license tax upon a particular business did not prevent the city from imposing such tax. See *Hark-reader* v. *Turnpike Co.,* 101 Tenn. 680, 683, 49 S. W. 751; *City of New Orleans* v. *Chappel,* 18 La. Am. 725.

It is also insisted by the appellant that the ordinance violates the constitutional requirement of uniformity, as there were other steam ferries plying between Norfolk and Pinner's Point and West Norfolk, in the county of Norfolk, and between Nor-folk and Gilmerton, which are not taxed by the terms of the ordinance.

It appears from the agreed statement of facts that the appel-lant operated the only steam ferries that were in operation be-tween Norfolk and Portsmouth and Norfolk and Berkley at that time, but the ordinance (No. 134) in terms imposed a license generally upon any person, firm or corporation operating a steam ferry between those points respectively, so that any other person, firm or corporation who might engage in the same business would be subject to the same tax. While that ordi-nance does not impose a license tax upon any person, firm or corporation engaged in operating ferries in the city of Norfolk other than those operated between Norfolk and Portsmouth and Norfolk and Berkley, there is another ordinance (No. 143) under which a license tax could be imposed upon them, and there is nothing in the agreed statement of facts to show that such a license is not imposed. Neither does it appear that all persons in the same class, or doing precisely the same business, are not taxed alike. *Morgan's Case,* 98 Va. 812, 35 S. E. 448. When an ordinance is attacked upon the ground that it is invalid the burden is upon the party alleging its invalidity to show it.

We are of opinion that there is no error in the judgment complained of, and that it should be affirmed.

*Affirmed.*