# Wytheville.

## COMMONWEALTH V. THE FERRIES COMPANY.    .

### June 14, 1917.

### Absent, Burks, J.*

1. TAXATION—*Recovery Back of Taxes Voluntarily Paid.*—The general rule is well settled that taxes voluntarily paid cannot be recovered back in the absence of a statute providing for their repayment. The rule, of course, does not apply where repayment is made pursuant to a valid statute.

2. TAXATION—*Constitutional Law—Refund of Taxes.*—In the absence of constitutional limitation upon its powers, the right of the legislature to refund taxes paid, even though voluntarily paid, is unquestioned. Although the legislature may not be compellable to refund an amount so paid, it may do so without compulsion. Such acts are not infrequent; and it is settled law that a valid appropriation may be made to discharge a merely moral obligation.

3. STATE—*Action Against—Jurisdiction.*—A State can only be sued by a citizen upon such terms as it is pleased to prescribe, and the Circuit Court of the city of Richmond alone has been given jurisdiction of suits for injunctions involving State taxes.

4. STATUTES—*Preamble.*—The preamble to a statute is no part of it and cannot enlarge or confer powers or control the words of the act unless they are doubtful or ambiguous. Not being an essential part of the statute, it may be altogether omitted.

5. TAXATION—*Constitutional Law—Special or Private Law—Refunding Taxes.*—Section 63, clause 9, of the Constitution of Virginia, prohibits the legislature from refunding by private act money lawfully paid into the treasury. But the Constitution imposes no limitation upon the power of the legislature to refund money unlawfully paid or collected. The fact that the Constitution in terms prohibits the one and is silent as to the other, creates a strong presumption that it was not intended to trench upon the absolute control of the legislature in its management of the business of the State with respect to refunding money unlawfully paid into the treasury.

*Submitted before Judge Burks took his seat.

6. TAXATION—*Constitutional Law—Special or Private Law—Refunding Taxes.*—Nor does the Constitution require that the illegality of the tax shall be judicially determined before the legislature may act.

7. CONSTITUTIONAL LAW—*Separation of Legislative, Executive and Judicial Power.*—In all cases involving questions of constitutional restrictions the legislature necessarily, in the first instance, must determine for itself whether a contemplated act is constitutional, though ultimately it may become a judicial question to be decided by the courts. Nor is this primary determination by the legislature as to the validity of an act violative of the fundamental principle of republican government that legislative, executive and judicial power ought to be kept distinct and separate, except in so far as the action of one is intended to constitute a check upon the action of the others in the sense of keeping them within proper bounds.

8. STATE—*Appropriation Acts.*—The legislature, in the matter of making appropriations, acts in its administrative rather than in its legislative capacity.

9. TAXATION—*Refunding Taxes—Special and Private Law.*—The Constitution of Virginia, section 63, clause 8, forbids special laws remitting or releasing any obligation or liability of any person, corporation or association to the State or to any political sub-division. As no one rests under any obligation or liability to pay taxes on property expressly exempted by the Constitution, this provision has no application to a statute refunding such tax. Nor has section 63, clause 18, of the Constitution, which prohibits granting to any private corporation, association or individual any special, or exclusive right, privilege or immunity, any application to such an act.

10. TAXATION—*Special Laws—Refunding Tax.*—Section 64 of the Constitution provides: "* * * no private corporation, association, or individual shall be specially exempted from the operation of any general law, nor shall its operation be suspended for the benefit of any private corporation, association, or individual." And sections 567 and 568, Code of 1904, furnish remedies for the correction of erroneous assessment of taxes. Notwithstanding these provisions, the legislature is not deprived of the power of refunding by special act taxes illegally collected. "The claim is of a class that peculiarly falls within the administrative department of the legislature and it would be unwise and inconvenient by a too narrow construction of section 64, to deprive the legislature of its exercise of a power which existed long before the adoption of the present Constitution in which this provision appears for the first time."

11.  CONSTITUTIONAL LAW—*Appropriation Act.*—Section 186 of the
     Constitution provides that, "No money shall be paid out of the
     treasury except in pursuance of appropriations made by law."
     Under this provision no particular form of appropriation is
     prescribed, and an act which directs the Auditor of Public
     Accounts to draw his warrant for a definite sum in favor of
     · the claimant on the treasurer of a city, complies with all the
     requirements of a valid appropriation.
12.  STATE—*Appropriation Acts.*—The use of technical words in a
     statute making an appropriation is not necessary.

Error to an order of the Circuit Court of the city of
Richmond, awarding a peremptory mandamus.

*Affirmed.*

The opinion states the case.

*John Garland Pollard, Attorney-General,* for the Com-
monwealth.

*R. R. Hicks,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

This is a mandamus proceeding instituted by The Ferries
Company of the city of Norfolk to compel the Auditor of
Public Accounts to draw his warrant for the sum of $992.40
in its favor on the treasurer of that city pursuant to an act
of the General Assembly approved March 23, 1912. Acts
1912, p. 684. To an order of the trial court awarding a
peremptory mandamus as prayed for, this writ of error
was granted.

The defense rests solely upon the allegation that the act
is unconstitutional. It is contended:

1. That it violates section 63 of the Constitution, which
·provides that "The General Assembly shall not enact any
local, special or private law in the following cases:  *  *  *  ·

"9. Refunding money lawfully paid into the treasury of the State or the treasury of any political subdivision thereof."

The general rule is well settled that taxes voluntarily paid cannot be recovered back in the absence of a statute providing for their repayment. *Virginia Brewing Co.* v. *Commonwealth*, 113 Va. 145, 73 S. E. 454. That principle, of course, does not apply where repayment is made pursuant to a valid statute.

It is true that the act of 1912 is a special or private act, yet that circumstance, standing alone, does not affect its constitutionality. To render it obnoxious to clause 9, it must provide for refunding money *lawfully, not unlawfully,* paid into the treasury. In the absence of constitutional limitation upon its powers, the right of the legislature to refund taxes paid, even though voluntarily paid, is unquestioned. Although the legislature may not be compellable to refund an amount so paid, it may do so without compulsion. Such acts are not infrequent; and it is settled law that a valid appropriation may be made to discharge a merely moral obligation. *United States* v. *Realty Co.,* 163 U. S. 427, 16 Sup. Ct. 1120, 41 L. Ed. 215; *Civic Federation* v. *Salt Lake County,* 22 Utah 6, 61 Pac. 222.

The preamble of the act recites that the taxes had been adjudged by the Circuit Court of Norfolk to be illegal, and the property of The Ferries Company non-assessable for State taxation. The point is well made that this was a suit for an injunction involving State taxes, but that the State was not a party; and, moreover, that such a suit could only be brought in the Circuit Court of the city of Richmond. A State can only be sued by a citizen upon such terms as it is pleased to prescribe, and the Circuit Court of the city of Richmond alone has been given jurisdiction in that class of cases. *Johnson* v. *Hampton Institute,* 105 Va. 319, 34 S. E. 31. Nevertheless, the fact that the preamble of the act is not

true in law is immaterial. "The preamble to a statute is no part of it and cannot enlarge or confer powers or control the words of the act unless they are doubtful or ambiguous." *Yazoo R. R.* v. *Thomas,* 132 U. S. 174, 10 Sup. Ct. 68, 33 L. Ed. 302. Not being an essential part of the statute they may be altogether omitted.

By the act of 1912, the legislature has seen fit to direct the refunding of the sum paid on account of these taxes; and, in the absence of constitutional restraint, it was acting within its powers. Subject only to such restriction the power of the legislature over State funds is plenary. 36 Cyc. 882. Clause 9, as we have seen, only prohibits the legislature from refunding by private act money *lawfully* paid into the treasury. The Constitution imposes no limitation upon its power to refund money *unlawfully* paid or collected. The fact that the Constitution in terms prohibits the one and is silent as to the other, creates a strong presumption that it was not intended to trench upon the absolute control of the legislature in its management of the business of the State with respect to refunding money unlawfully paid into the treasury.

In this instance it is not denied that the tax was illegally levied, but the assertion is that the fact of its illegality had not been judicially determined. That circumstance is wholly immaterial. The Constitution does not require judicial ascertainment of an undisputed fact as a precedent condition to legislative action in such case. In all cases involving questions of constitutional restrictions the legislature necessarily, in the first instance, must determine for itself whether a contemplated act is constitutional, though ultimately it may become a judicial question to be decided by the courts. Nor is this primary determination by the legislature as to the validity of an act violative of the fundamental principle of republican government that legislative, executive and judicial power ought to be kept distinct and sep-

arate, except in so far as the action of one is intended to constitute a check upon the action of the others in the sense of keeping them within proper bounds.

In the present case the foregoing principle has been applied with respect to the act of 1912. Therefore, we conclude that the legislature has not transcended its power in deciding for itself, in the first instance, that these taxes were illegally collected, but in so doing it was exercising a usual and necessary legislative function which is subject only to final review and determination by the courts. 36 Cyc. 883, 885, 886.

It may also be observed in this connection, that the legislature, in the matter of making appropriations, acts in its administrative rather than in its legislative capacity. Yet, if there was any merit in the point stressed by the plaintiff in error that a prior adjudication by a court that The Ferries Company was not taxable was necessary to warrant the act of 1912, the contention is answered by the cases of *Black* v. *Sherwood,* 84 Va. 906, 6 S. E. 484, and *Norfolk, &c. Co.* v. *City of Norfolk,* 105 Va. 139, 52 S. E. 851; holding that the property of the company was non-taxable.

2. The second contention is, that the act violates section 63, clause 8, of the Constitution prohibiting the enactment of special laws, "Remitting, releasing, postponing or diminishing any obligation or liability of any person, corporation or association to the State or to any political sub-division thereof." This contention is answered by the facts which plainly show that the act of 1912 violates none of the prohibitions above enumerated. No one can rest under obligation or liability to pay taxes on property expressly exempted by the Constitution.

3. The third contention is, that the act violates section 63, clause 18, of the Constitution, in "granting to any private corporation, association or individual any special, or exclusive right, privilege or immunity." Again, the answer

is that there is no evidence upon which to ground this objection.

4. The fourth contention is, that the act violates the provision of section 64, that " *    *    no private corporation, association, or individual shall be specially exempted from the operation of any general law, nor shall its operation be suspended for the benefit of any private corporation, association, or individual." The argument urged under this assignment is that The Ferries Company should have been remitted to the remedies furnished by sections 567 and 568 of the Code, for the correction of erroneous assessment of taxes.

Considered in light of the long established exercise by the legislature of the purely administrative function of refunding to the citizen unlawful exactions, we do not think the act of 1912 violates this section of the Constitution. The claim is of a class that peculiarly falls within the administrative department of the legislature and it would be unwise and inconvenient by a too narrow construction of section 64, to deprive the legislature of its exercise of a power which existed long before the adoption of the present Constitution in which this provision appears for the first time. *Ragsdale* v. *Danville,* 116 Va. 484, 82 S. E. 77, and cases cited.

5. The fifth and last contention is that the act violates section 186 of the Constitution providing that, "No money shall be paid out of the treasury except in pursuance of appropriations made by law."

The act of 1912 is a valid appropriation act within the meaning of section 186. No particular form of appropriation is prescribed, and the act directs the Auditor of Public Accounts to draw his warrant for a definite sum on the treasurer of the city of Norfolk in favor of The Ferries Company, and that complies with all the requirements of a valid appropriation. Indeed, that is the usual form of an appropriation bill in this State when special relief to indi-

viduals is granted.   See Acts 1906, ch. 14; Acts 1908, ch. 603; Acts 1901-2, ch. 194, 656, and ch. 691.

That the use of technical words in a statute making an appropriation is not necessary, see *Campbell* v. *Board,* 115 Ind. 591, 18 N. E. 33; *Henderson* v. *Board,* 129 Ind. 92, 28 N. E. 127, 13 L. R. A. 169, and 36 Cyc. 892.

We are of opinion that the order of the Circuit Court of the city of Richmond is without error and must be affirmed.

*Affirmed.*