Allen, J.
The instant case presents many of the same legal problems as that of Kroplin v. Truax, Director of Agriculture, ante, 610, 165 N. E., 498, this day decided, and we deem it unnecessary to repeat and redecide those questions here. An addi *629 tional question, however, is presented by that part of the petition which prays that an injunction be granted to restrain the board of commissioners of Miami county from appropriating any public funds of the county in pursuance of Section 1121-17, General Code. This section reads as follows :
“The county commissioners in their respective counties are hereby authorized and empowered to make such appropriations from the general funds of their county as will enable them to co-operate effectively with the cattle owners, the department of agriculture, and the United States Bureau of Animal Industry in the eradication of tuberculosis. The money so appropriated shall be placed in a fund to be used in the county in which it originated, subject to the approval of the department of agriculture.”
In the Kroplin case, this court has held that the Legislature, in the exercise of its police power, may require the examination and testing of cattle for bovine tuberculosis,' and may provide for their summary destruction in case the disease is found to exist.
In this case, the plaintiff in error is asking that the commissioners of Miami county be enjoined from making appropriations to defray the salary and expenses of state1 veterinarians, officers, and employees in making tuberculin tests, and necessary expenses incurred in making the tests, upon the ground that these officers are state officers, and that, if this money is so expended, it will have been expended for a state purpose, and that the county cannot be forced to expend its funds for a general state purpose.
We do not agree with this contention. The county *630 is a subdivision of the state, subject to the legislar tive control of the state.
Where a state by enactment, in furtherance of its governmental purposes, imposes an obligation upon a county not in conflict with the state Constitution, that obligation becomes one which the county must fairly meet. Mackenzie v. Douglas County, 81 Or., 442, 159 P., 625, 1033.
Counties are agencies of the state for governmental purposes. In Civic Federation v. Salt Lake County, 22 Utah, 6, at page 16, 61 P., 222, 223, it was held: “The same power which it [the Legislature] may exercise over the revenues of the state it may exercise over the revenues of a county or city for any purpose connected with its present or past conditions not repugnant to the organic law. ’ ’
Under the Riggs Law, Sections 1121-1 to 1121-25, General Code, the testing program is not exclusively a state enterprise. It constitutes a joint enterprise to be carried on by the state and the county. All cattle owners and all milk consumers of Miami county will receive the benefit of the enactment, and under Section 1121-17 not one cent of this particular appropriation will be expended outside the confines of Miami county.
This precise contention was raised in the case of Albright v. Board of County Commrs. of Douglas County, 108 Kan., 184, 194 P., 913, a controversy which decided the constitutionality of a statute which required the board of county commissioners to pay one-half of the appraised value of cattle infected with tuberculosis, when they were slaughtered under state law. It was held that this provision did not violate the state or federal Oonstitu *631 tions. The action was instituted to compel the board of county commissioners to pay the plaintiff, the cattle owner, one-half of the appraised value of cattle condemned and sold under the law, his cattle having been slaughtered under order of the state sanitary commission because they were infected with tuberculosis. The county commissioners refused to pay the amount provided by the statute. A specific defense was made that the law deprived the county of its funds illegally, and the court held that such use of the county funds was constitutional.
In Chambers v. Gilbert, 17 Tes. Civ. App., 106, 42 S. W., 630, it was also urged that the Legislature was without power to provide for the payment of the damages arising from the slaughter of condemned animals out of funds belonging to the county. The court overruled that contention, holding that, since the county is a mere subdivision of the state, it is subject to its legislative control.
These decisions upheld statutes much more'drastic than Section 1121-17, which simply provides for the payment of bills incurred by officers, agents and employees of the state in making tuberculin tests of cattle owned and located within Miami county.
On the authority of these decisions and because of the general relation between the county and the state, we overrule the contention.
Since the funds are to be disbursed in accordance with valid statute, the plaintiff in error is not entitled to an injunction, and the judgment of the Court of Appeals will be affirmed.

Judgment affirmed.

Kinkade, Robinson, Jones, Matthias and Day, JJ., concur.